

**FILED**
June 26, 2023 04:19 PM
ST-2020-CV-00212
TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**
\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **BLUEWATER CONSTRUCTION, INC.,** ) | |
| ) | CASE NO. ST-2020-CV-00212 |
| Plaintiff, ) | |
| ) | ACTION FOR FORECLOSURE |
| -vs- ) | OF CONSTRUCTION LIEN |
| ) | |
| **GARY HILL and WANDA HILL,** ) | |
| ) | |
| Defendants. ) | |
| **GARY HILL and WANDA HILL,** ) | ACTION FOR BREACH OF |
| ) | CONTRACT, BREACH OF IMPLIED |
| Counterclaim Plaintiffs, ) | WARRANTY OF GOOD WORKMAN- |
| ) | SHIP, NEGLIGENCE, CONVERSION, |
| -vs- ) | CIVIL CONSPIRACY, RESTITUTION |
| ) | AND DECLARATORY JUDGMENT |
| **BLUEWATER CONSTRUCTION, INC., TONY** ) | |
| **COFFELT, and SPRINGBOARD, LLC,** ) | JURY TRIAL DEMANDED |
| ) | |
| Counterclaim Defendants. ) | |

Cite as 2023 VI Super 36U

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on:

1. Counterclaim Defendant Bluewater Construction, Inc.'s Motion For Sanctions ("Motion"), filed August 31, 2022; and

2. Counterclaim Plaintiffs Gary Hill and Wanda Hill's Response in Opposition to Plaintiff's Motion for Sanctions, filed September 21, 2022.

¶2 The Court will deny the Motion as it was procedurally improper, and the discovery error was substantively harmless.

## I. INTRODUCTION

¶3 On May 22, 2020, Bluewater Construction, Inc. ("Bluewater") initiated suit against Gary and Wanda Hill ("the Hills"), to foreclose on a construction lien. On August 14, 2020, the Hills filed an Answer, Affirmative Defenses, and Counterclaim. On May 3, 2021, the Hills filed a First Amended Counterclaim against Bluewater and Tony Coffelt ("Coffelt"). The Hills' counterclaims concern windows that Bluewater installed in their home and scaffolding the Hills purchased for

construction of their home which Bluewater purportedly utilized at other sites. The Hills allege in their Second Amended Counterclaim of Gary and Wanda Hill ("Counterclaim") nine (9) counts, eight (8) of which they allege against Bluewater and/or Coffelt in this case: (1) Breach of Contract against Bluewater;[1] (2) Breach of Implied Warranty of Good Workmanship against Bluewater;[2] (3) Negligence against Bluewater;[3] (4) Conversion against Bluewater and Coffelt;[4] (5) Breach of Contract, or in the alternative, Negligence against Coffelt;[5] (6) Civil Conspiracy against Bluewater and Coffelt;[6] (7) Unjust Enrichment against Bluewater and Coffelt;[7] and (8) Declaratory Judgment against Bluewater.[8]

### 1. Parties' Arguments

¶4      Bluewater moves for sanctions against the Hills because "[f]or years the Hills have maintained a false position that the Hills never had any agreement to lease/sell scaffolding to Bluewater" and they "have only recently moved to amend these claims when confronted with Gary Hill's own text message agreeing to permit Bluewater to utilize the scaffolding at issue."[9] Bluewater avers that it has "expended thousands of dollars in legal fees fighting these false claims of the Hills."[10] Bluewater argues that the Hills should be sanctioned for a violation of Virgin Islands Rule of Civil Procedure 26, which requires mandatory disclosure of electronically stored information, among other items, within fourteen (14) days of a Rule 26(f) conference.[11]

¶5      On August 1, 2022, the Hills filed a Motion For Leave To Amend First Amended Complaint ("Motion To Amend") which the Court ruled on in 2022 VI Super 87U. The instant Motion follows Bluewater's Opposition to the Motion To Amend. The Hills in their Motion To Amend sought to change their counterclaim from Coffelt and Bluewater used scaffolding without authorization to Coffelt and Bluewater were in a bailor/bailee relationship with the Hills and *did* have authorization to use scaffolding, but did not properly remit rents from its use or return it.[12] Bluewater states that "it is undisputed that Bluewater used the Hills' scaffolding. However, even before the institution of the current lawsuit, and for more than two (2) years since the filing of this action, the Hills have repeatedly maintained that they did not give such authorization."[13] No direct evidence supported the Hills claim, and through the Hills' Motion To Amend and text messages provided between Gary Hill and Coffelt, it is shown that there was explicit permission from Gary Hill to Coffelt for Bluewater to use the scaffolding.

---

[1] Countercl. Pls.' Second Am. Countercl. 6-7.
[2] Countercl. Pls.' Second Am. Countercl. 8-9.
[3] Countercl. Pls.' Second Am. Countercl. 9-11.
[4] Countercl. Pls.' Second Am. Countercl. 13-14.
[5] Countercl. Pls.' Second Am. Countercl. 14-17.
[6] Countercl. Pls.' Second Am. Countercl. 17-18.
[7] Countercl. Pls.' Second Am. Countercl. 18-19.
[8] Countercl. Pls.' Second Am. Countercl. 19.
[9] Bluewater's Mot. For Sanctions 1.
[10] Bluewater's Mot. For Sanctions 1.
[11] Bluewater's Mot. For Sanctions 2.
[12] Countercl. Pls.' Mot. To Amend 4.
[13] Bluewater's Mot. For Sanctions 2-3.

¶6      Bluewater argues that the Hills kept these text messages hidden, it is not credible that Gary Hill did not remember these messages, and that the Hills performed no investigation into these facts and "instead [he] obstinately maintained his position, contrary to the evidence."[14] Bluewater states that the Hills repeatedly did not provide this information: not in their August 3, 2021 voluntary disclosures; in Rule 26 disclosures subsequent to the initial disclosures; in "their response to Interrogatory No. 3, affirmatively stating there was no authorization;" and not in "the Hills' response to Bluewater's Requests for Admissions numbers one (1), two (2), and three (3)."[15] Bluewater has attached these discovery items as exhibits.

¶7      Additionally, Bluewater cites to the Virgin Island Superior Court May 12, 2016 Order in the case *Bryan v. Pueblo Supermarket* (No. SX-2012-CV-00082), where the Superior Court granted a motion for sanctions because the defendant in that case denied video footage existed when it in fact did and the extreme delay caused by the denial "constituted sanctionable action."[16] The Court in that case found that the denial "[a]t best . . . establishes that Defendant failed to exercise due diligence . . . . [a]t worst, it suggests a deliberate attempt to conceal relevant evidence from Plaintiff and the Court."[17] Bluewater argues that Rule 26(g)(3) requires this Court to impose sanctions in such a case.[18] Bluewater states it has "been forced to unnecessarily engage in motion practice and unnecessarily engage in discovery related to this matter – all of which has been time consuming and costly."[19] Bluewater requests sanctions be imposed against the Hills in the amount of One Thousand Five Hundred Dollars ($1,500) as well as attorney's fees and whatever further relief the Court deems fair and necessary.[20]

¶8      The Hills argue that Bluewater violated Virgin Islands Rule of Civil Procedure 37-1 by not meeting and conferring with the Hills in good faith to resolve the discovery dispute.[21] The Hills state that while Bluewater contends that the Motion does not arise from a discovery dispute, but rather is based on Virgin Islands Rule of Civil Procedure 26(g), Rule 37-1's "meet-and-confer" requirement is applicable to any motion relating to discovery made pursuant to Rules 26 through 37, except for motions relating to depositions under Rule 30.[22] The Hills state that "[a]lthough Bluewater relies on Rule 26(g)(3) instead of Rule 37 as its vehicle for seeking sanctions, it still must 'confer in a good faith' [sic] with the Hills prior to filing any sanctions motion related to its discovery grievances."[23]

¶9      Additionally, the Hills state that Bluewater's Motion For Sanctions fails for substantive reasons as well. The Hills argue that a violation of Rule 26(g) occurs when a party breaches the

---

[14] Bluewater's Mot. For Sanctions 3.

[15] Bluewater's Mot. For Sanctions 3.

[16] Bluewater's Mot. For Sanctions 3.

[17] Bluewater's Mot. For Sanctions Ex. 4 (May 12, 2016 Order, *Bryan v. Pueblo Supermarket*, Civ. No. SX-2012-CV-00082).

[18] Bluewater's Mot. For Sanctions 4.

[19] Bluewater's Mot. For Sanctions 4.

[20] Bluewater's Mot. For Sanctions 5.

[21] Hills' Opp'n 2.

[22] Hills' Opp'n 2.

[23] Hills' Opp'n 2-3.

requirements of Rule 26 "without substantial justification."[24] The Hills assert that "there is no binding Virgin Islands authority on what constitutes 'substantial justification'"[25] and they cite to the Third Circuit case *Grider v. Keystone Health Plan Cent., Inc.*[26] for persuasive authority.[27] The Hills quote footnote 23 from that case:

> "Substantial justification" for the failure to make a required disclosure has been regarded as justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The test of substantial justification is satisfied if there exists a genuine dispute concerning compliance.[28]

¶10      The Hills point out that in the unreported Court Order relied on by Bluewater the party withholding the video in that case had markedly claimed the video did not exist previously.[29] Additionally, the Hills state that nowhere in that decision did the court consider whether "substantial justification," as defined by caselaw, existed for the defendants to withhold the footage.[30] Further, the Hills argue that a court must consider whether a party's noncompliant certification was made without substantial justification and that failure to conduct this analysis is reversible error according to the *Grider* court.[31] The Hills argue that given that the *Bryan* court in the May 12, 2016 Order did not conduct this analysis "it is doubtful that the *Bryan* court reached the correct conclusion in sanctioning the defendant for its discovery lapses."[32]

¶11      The Hills further argue that in this case there is no evidence the Hills willfully declined to turn over text messages or any evidence that the failure could not be substantially justified.[33] The Hills contend that Gary Hill testified at a deposition that "due to age and matters in his personal life" Gary Hill "did not recall his text exchange with Coffelt, nor did he have a record of that exchange because he routinely deletes texts as soon as he reads them."[34] Further, the Hills state that because Gary Hill deletes his texts, he did not search his phone for messages that "would not have been there."[35] The Hills further argue that parties are only required to turn over what is in their possession, custody, or control and that discovery responses that certify that a party does not have materials, does not recall having materials, and that no diligent search by a party would uncover materials, do not violate Rule 26(g).[36]

---

[24] Hills' Opp'n 3.

[25] Hills' Opp'n 3.

[26] 580 F.3d 119 (3d Cir. 2009).

[27] Hills' Opp'n 2.

[28] *Grider*, 580 F.3d at 140 n.23.

[29] Hills' Opp'n 3.

[30] Hills' Opp'n 3.

[31] Hills' Opp'n 3.

[32] Hills' Opp'n 3.

[33] Hills' Opp'n 4.

[34] Hills' Opp'n 4.

[35] Hills' Opp'n 4.

[36] Hills' Opp'n 4.

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 5 of 10

2023 VI Super 36U

¶12 The Hills argue that Bluewater "takes as a given that the Hills withheld the text message in order to sandbag Bluewater and run up its legal fees" while not offering anything tangible to support this finding.[37] The Hills further argue that Bluewater's interpretation of Rule 26(g)(1) is that the mere existence of undisclosed material evidence is enough to warrant sanctions, and this is "precisely the cramped view of the 'substantially justified' standard the Third Circuit rejected in *Grider*."[38]

¶13 Lastly, the Hills contend that "there is ample evidence that Bluewater either knew or had been aware of the existence of the text message for months before it was disclosed in discovery."[39] The Hills state that the text messages were first produced July 19, 2022 in initial disclosures by Coffelt's current counsel, however before Coffelt and Bluewater had the same counsel who notified the Hills in December 12, 2021 answers to interrogatories that "Mr. Hill wrote in a text on March 5th, 2019 that he would rent the scaffolding to Bluewater."[40] This response is attached as Exhibit 1 to the Hills' Opposition. Additionally, the Hills point out that Coffelt "freely admitted in responses to document requests . . . that he 'is in possession of some text messages which are also in the possession of the Hills."[41] These responses are attached as Exhibit 2. Also, the Hills assert that both Bluewater and Coffelt testified at depositions that they were aware of the existence of the text message "long before" the instant motion.[42]

¶14 The Hills therefore argue the case is critically distinguishable from the *Bryan* case because, in that case, the parties repeatedly certified that the evidence did not exist.[43] Further, the Hills point out that there was "no suggestion that the *Bryan* plaintiff already possessed that footage or had access to it at the time the plaintiff requested it."[44] The Hills state that it is "indisputable" that Bluewater was aware of the text messages as it shared the same attorney as Coffelt and that attorney "had multiple opportunities to produce the text message as part of Coffelt's initial disclosures" which were due on July 30, 2021, although ultimately Coffelt's subsequent attorney produced them one year later.[45] The Hills contend that while in *Bryan* the plaintiff had legitimate complaints about her opponent's diligence in searching for materials she did not have access to, "Bluewater's grievances in this matter are largely performative" and that Rule 26's sanctions power is meant to ensure parties participate in discovery in good faith and it is not meant for one party to gain a strategic or punitive advantage over another.[46]

## II.    LEGAL STANDARD

¶15 Virgin Islands Rule of Civil Procedure 26(a)(1)(A)(ii) provides that:

---

[37] Hills' Opp'n 5.

[38] Hills' Opp'n 5.

[39] Hills' Opp'n 5.

[40] Hills' Opp'n 6; Hill's Opp'n Ex. 1.

[41] Hills' Opp'n 6.

[42] Hills' Opp'n 6.

[43] Hills' Opp'n 6.

[44] Hills' Opp'n 6.

[45] Hills' Opp'n 6.

[46] Hills' Opp'n 7.

(A) *In General.* Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

. . . .

(ii) a copy of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment, unless it would be unduly burdensome to produce a copy of an item, in which case each item must be clearly identified, along with a statement as to why each cannot readily be copied, and including a description of the location where each can be reviewed[.][47]

¶16     Virgin Islands Rule of Civil Procedure 26(f) requires the parties to meet and confer and develop a discovery plan, including "mak[ing] or arrang[ing] for the disclosures required by Rule 26(a)(1)."[48] Initial disclosures must be made within fourteen (14) days of this meet and confer conference.[49] Parties must make "initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case or . . . because another party has not made its disclosures."[50] Rule 26(g)(1) provides that every disclosure be signed by an attorney verifying that it is complete and correct at the time it is made.[51] The "disclosure requirement is a continuous one, requiring a party to supplement its disclosures when it becomes aware of new evidence."[52] This duty is governed by Rule 26(e)(1)(A):

A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.[53]

¶17     Additionally, Rule 26(g)(3) governs sanctions for improper certification and states that a violation of the rule "without substantial justification" requires that "the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including

---

[47] V.I. R. Civ. P. 26(a)(1)(A)(ii).

[48] V.I. R. Civ. P. 26(f)(2).

[49] V.I. R. Civ. P. 26(a)(1)(C).

[50] V.I. R. Civ. P. 26(a)(1)(E).

[51] V.I. R. Civ. P. 26(g)(1).

[52] *Davis v. Varlack Ventures, Inc.*, 59 V.I. 229 (V.I. 2013) (citing to the substantially similar Federal Rule of Civil Procedure 26(e)(1)(A)).

[53] V.I. R. Civ. P. 26(e)(1)(A).

attorney's fees, caused by the violation."[54] Lastly, Virgin Islands Rule of Civil Procedure 37-1(a) specifies a "Good Faith Negotiation Requirement" between parties and states:

> Prior to filing any motion relating to discovery pursuant to Rules 26 through 37, other than a motion relating to depositions under Rule 30, counsel for the parties and any self-represented parties shall confer in a good faith effort to eliminate the necessity for the motion—or to eliminate as many of the disputes as possible.[55]

¶18     In *Davis*, the Virgin Islands Supreme Court stated "[s]ubstantial justification for failing to disclose 'is satisfied if there exists a genuine dispute concerning compliance.'"[56] Furthermore, "[t]he Virgin Islands Supreme Court further clarified that, when determining whether a violation is harmless, the court should consider a number of factors: 'prejudice or surprise to the opposing party; the ability of the party to cure that prejudice; the likelihood of disruption at trial; and the bad faith or willfulness of the violating party.'"[57] The burden of showing either substantial justification or harmlessness is on the party that failed in its disclosure obligation.[58] "The 'imposition of sanctions for abuse of discovery under Rule 37 is a matter within the discretion of the trial court.'"[59]

## III.     ANALYSIS

### A.  Procedurally, there was no Rule 37 meet-and-confer so the instant motion is improper

¶19     While Bluewater argues that its motion "does not arise from a discovery dispute for purposes of invoking V.I. R. Civ. P. 37,"[60] it then goes on to say the basis of its motion is the Hills' failure to provide information under Rule 26. Providing initial disclosures is a part of discovery. Rule 37-1(a) specifically states "any motion relating to discovery pursuant to Rules 26 through 37."[61] Thus, Rule 37-1 is plainly applicable to the instant motion.

¶20     Rule 37-1(a) specifically requires that parties meet-and-confer in good faith to eliminate the necessity of any motion made pursuant Rule 26. Movants here have made a motion alleging discovery violations under Rule 26. Movants did not, however, meet-and-confer in good faith prior

---

[54] V.I. R. Civ. P. 26(g)(3).

[55] V.I. R. Civ. P. 37-1(a).

[56] *Davis*, 59 V.I. at 236 (citing *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997), then citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 241 (3d Cir. 2007); and lastly citing *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)).

[57] *Berkeley v. Berkeley*, 2021 VI Super 22, ¶ 8.

[58] *Malloy v. Reyes*, 61 V.I. 163, 184-85 (V.I. 2014) (citing first *R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012); and then citing generally *Davis*, 59 V.I. at 236-38)

[59] *Abed v. Abed*, 2021 VI Super 98, ¶ 26 (quoting *Davis*, 59 V.I. at 236; then citing first *Pedro v. Ranger Am. of the V.I., Inc.*, 70 V.I. 251, 294 (V.I. Super. Ct. 2019); and then citing second *Molloy v. Independence Blue Cross*, 56 V.I. 155, 168 (V.I. 2012)).

[60] Bluewater's Mot. For Sanctions 2.

[61] V.I. R. Civ. P. 37-1(a).

to the filing of this motion. The motion is therefore procedurally improper. However, this case is an unusual instance of a discovery violation in that one side was making allegations unsupported by evidence it either should have had in its possession or uncovered in its investigation, and which the other party did have. As such, it is not clear what a meet-and-confer would have accomplished. Given this unusual situation, the Court will also consider whether the motion is warranted substantively.

### B. Substantively, the violation was not substantially justified but it was harmless

¶21    The Court finds that while the Hills' failure to disclose is not substantially justified, it was in this case harmless. Here, the Hills failure to disclose the text message cannot be considered "substantially justified." The Hills argue that the failure to disclose the text messages was due to Gary Hill's practice of continuously deleting text messages and his inability to remember. This excuse does not constitute a "genuine dispute concerning compliance."[62]

¶22    Next, the Court considers whether the failure to disclose was harmless, considering the *Davis* factors outlined above.[63] Here, there was no prejudice or surprise to an opposing party, as the text messages were between the opposing parties and they admitted to having access to the messages and being aware of them. There is also, therefore, no prejudice to cure. Additionally, there is no likelihood of there being disruption at trial as the parties are still propounding discovery and amending pleadings.[64] These factors weigh in favor of finding the violation harmless.

¶23    It is also not readily apparent that Gary Hill was acting in bad faith, or with willful intent to hide evidence or with some dilatory motive. However, assuming *arguendo* that the Hills' excuse of memory issues due to Gary Hill's age and his habit of deleting messages in his phone constitutes a willful violation or bad faith, and not simply negligence, the Court finds the other *Davis* factors still outweigh any alleged bad faith or willfulness.[65] Markedly, in the instant case the Hills' counsel sought to amend the pleadings once he became aware of the messages, and the evidence that was not produced was already in the opposing parties possession anyway. Thus, the Hills abided by their duty to correct inaccurate information once "new" information became known. The Court therefore finds, upon review of the *Davis* factors, that this violation was harmless.

¶24    The instant situation is unusual for a discovery violation matter. Unlike in the cases cited by Bluewater, it is not the case here that the Hills had evidence that they were refusing to produce

---

[62] *See Davis*, 59 V.I. at 236-37 (failure to disclose medical records caused by confusion due to "change in responsibilities among the law firms" representing a party was not substantially justified because it was not a genuine dispute over compliance).

[63] *See supra* ¶ 18.

[64] *See id.* at 238 (appellant was not prejudiced nor trial disrupted when counsel was only given "notice of the existence of the records five days before trial and a copy of the medical records three days before trial").

[65] *Berkeley*, ¶ 9 ("[T]he Court finds, in weighing the factors outlined by the *Davis* court, the failure harmless — to wit, Defendant has the ability to cure any prejudice the failure may have caused thus far and this matter is still in the early stages so no likelihood of disruption at trial, and these factors outweigh any potential bad faith or willfulness of the violating party.").

or were otherwise hiding; rather, the contention is that Bluewater and Coffelt had evidence that the Hills *should* have had, but they did not, so Bluewater had to respond to an original Counterclaim and a First Amended Counterclaim as if the facts deduced from that evidence were not true. Further, Coffelt's attorney could have disclosed these messages at any time, and notably it was only after new counsel was substituted that the text messages were then provided to the Hills. Coffelt stated during discovery and in answers to interrogatories that he was in possession of text messages authorizing use of the scaffolding. On the one hand, reasonable investigative steps by the Hills' counsel would have entailed following up and acquiring those messages, but on the other, Bluewater and Coffelt could have also just provided the messages earlier during litigation before the substituted counsel did.

¶25    It thus appears to the Court that not only was the violation harmless, but the purported harm to Bluewater and Coffelt is exaggerated and would have been easily remedied. Further, while Bluewater argues that it suffered damages in having to spend time and money responding to the Hills' allegations that they should have known were false, the text messages are only relevant to four (4) of the nine (9) counts.[66] Thus, Bluewater and Coffelt would have had to answer and respond to the Hills' Counterclaims anyway. The Court therefore finds sanctions to be inappropriate in the instant case.

## IV.    CONCLUSION

¶26    On May 22, 2020, Bluewater initiated a suit against the Hills, to foreclose on a construction lien. On August 1, 2022, the Hills filed a Motion To Amend, which the Court ruled on in 2022 VI Super 87U. The Hills amended their Counterclaim to contain nine (9) counts, eight (8) of which are alleged against Bluewater and/or Coffelt. Central to the Hills' amendment was the Hills' receipt of text messages between Gary Hill and Coffelt in which Gary Hill authorized the use of scaffolding the Hills had purchased to be used offsite at other construction sites. These messages, and the authorization they attest to, changed the legal theories and facts underpinning some of the Hills' counterclaims.

¶27    Gary Hill claims to routinely delete his messages, and that due to his age he forgot about them. Coffelt and Bluewater disclosed the existence of these messages during discovery, but counsel for the Hills did not investigate further and Coffelt and Bluewater did not provide them until later, when substituted counsel for Coffelt turned them over to the Hills in initial disclosures on July 19, 2022. Bluewater claims it was prejudiced and harmed by having to spend time and money responding to allegations it knew were false. Bluewater therefore filed the instant Motion seeking sanctions for violations of Virgin Islands Rule of Civil Procedure 26.

¶28    As Bluewater did not meet-and-confer in good faith prior to the filing of its motion, the motion is procedurally improper given Rule 37-1(a)'s mandate. Further, while the Hills may have averted filing a previous amendment earlier which repeats allegations a diligent investigation would have revealed to have been false, Bluewater or Coffelt could have also notified the Hills

---

[66] These counts are: Count Five (Conversion); Count Six (Breach of Contract, or in the alternative, Negligence); Count Seven (Civil Conspiracy); and Count Eight (Unjust Enrichment).

*Bluewater Construction, Inc. v. Gary Hill and Wanda Hill*
Case No. ST-2020-CV-00212
Memorandum Opinion and Order
Page 10 of 10

2023 VI Super 36U

about the messages earlier before substituted counsel did. Further, the alleged harm to Bluewater appears slight, as while Bluewater did have to expend time and energy responding to allegations they understood to be false, the text messages were only relevant to some of the allegations and Bluewater still would have had to address the other allegations in a response. The Court therefore finds sanctions to not be warranted in this case.

¶29    Accordingly, it is hereby

**ORDERED** that, Counterclaim Defendant Bluewater Construction, Inc.'s Motion For Sanctions, filed August 31, 2022, is **DENIED**; and it further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to counsel of record.

**DATED:** June 26 , 2023

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor: 6 /28 /2023

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

June 28, 2023 04:22 PM
ST-2020-CV-00212
**TAMARA CHARLES**
**CLERK OF THE COURT**

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Thomas/St. John

Bluewater Construction, Inc.,
      **Plaintiff**

v.

Gary Hill and Wanda Hill,
      **Defendants.**

Gary Hill and Wanda Hill,
    **Counterclaim Plaintiffs,**

v.

Bluewater Construction, Inc., Tony
Coffelt, and Springboard, LLC.
     **Counterclaim Defendants.**

Case Number: **ST-2020-CV-00212**

Action: **Foreclosure of Construction Lien**

## NOTICE OF ENTRY
## OF A
## MEMORANDUM OPINION & ORDER

**To:** Michael L. Sheesley, Esq., via email

Alfred J. Stone, III, Esq.. via email
Robert Kuczynski, Esq. via email
Douglas Capdeville, Esq., via email

Please take notice that on June 28, 2023
a(n)      Memorandum Opinion & Order
dated    June 26, 2023    was/were entered
by the Clerk in the above-titled matter.

Dated:   June 28, 2023

          **Tamara Charles**
          **Clerk of the Court**

By: _____
         **Danica A. Miller**
         **Court Clerk II**